UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATHONI A. BARRETT,

    Plaintiff,

v.                                                      Case No. 3:19cv3593-MCR-HTC

MARK INCH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Pathoni A. Barrett, a prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 by delivering it to prison mail officials on September 24, 2019. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons which follow, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with Court orders.

Upon review of the complaint, the Court determined it was not on the required forms and that Barrett had not paid the filing fee or moved to proceed *in forma pauperis*. Therefore, on October 1, 2019, the Court ordered the clerk to send Barrett a § 1983 complaint form for use by prisoners and a form application to proceed *in*

*forma pauperis* and directed Barrett, within thirty (30) days from the date of that order, to file an amended complaint and either pay the full $400.00 filing fee or file a complete application to proceed *in forma pauperis*.  ECF Doc. 3.

On November 4, 2019, Barrett filed a motion to extend time, seeking an extension of six (6) months to file an amended complaint.  ECF Doc. 4.  On November 13, 2019, the Court found that the request for six (6) months was excessive and would not promote judicial efficiency.  ECF Doc. 5.  Thus, the Court extended the deadline by only thirty (30) days.  *Id.*

In that order, the Court also explained that if Plaintiff is unable to prosecute this case for another six (6) months, Plaintiff should consider whether to file a notice of voluntary dismissal and re-file this action at a later date.  While such a notice of dismissal would be without prejudice to re-filing and would not constitute a strike under the Prisoner's Litigation Reform Act, it <u>would not</u> toll any statute of limitations which might be applicable to Plaintiff's claims.

Plaintiff has not complied with Court's October 1 order.  Therefore, on December 17, 2019, the Court gave Plaintiff fourteen (14) days to show cause why this case should not be recommended for dismissal for failure to prosecute or comply with an order of the Court. ECF Doc. 6.  Plaintiff was warned that failure to comply may result in a recommendation that this case be dismissed for Barrett's failure to

Case No. 3:19cv3593-MCR-HTC

prosecute and failure to follow orders of the Court without further notice.  Plaintiff has not responded to the October 1 or December 17 orders.

Accordingly, it is respectfully RECOMMENDED:

1.	That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute or failure to comply with a Court order.

2.	That the clerk be directed to close the file.

At Pensacola, Florida, this 13th day of January, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:19cv3593-MCR-HTC